FILED'06 MAR 13 1459USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR 98-60019-HO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROBIN LEE KNUTSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    A jury convicted defendant of armed bank robbery, using and carrying a short-barreled rifle while committing the robbery, being a felon in possession of short-barreled rifle and short-barreled shotgun, manufacturing with intent to distribute methamphetamine, and using and carrying a short-barreled rifle and short-barreled shotgun while manufacturing methamphetamine.

    Defendant filed numerous post-trial motions prior to sentencing, including a motion pursuant to 28 U.S.C. § 2255.

1 - ORDER

The court sentenced defendant to 475 months imprisonment. After an appeal, defendant filed more petitions pursuant to 28 U.S.C. § 2255, both pro se and through counsel. Generally, the filing of a section 2255 motion would preclude defendant from seeking such relief again absent authorization from the Ninth Circuit. However, because defendant's initial pro se petition was premature and could not be considered on the merits, the court will consider defendant's current petitions.

Defendant's second petition (#251) alleges 45 grounds for relief. Defendant filed an amended motion (#273) through counsel, amending his claims to assert the following claims:

(1) Trial counsel failed to object to testimony and evidence that defendant financially victimized Marlene Lotspeich;

(2) Trial counsel failed to object to evidence suggesting that defendant was a pathological liar on grounds that such evidence was inadmissable under Fed. R. Ev. 401, 403, and 404;

(3) Trial counsel failed to object to testimony that defendant physically and mentally tortured Marlene Lotspeich on grounds that said testimony was inadmissable under Fed. R. Ev. 401, 403, and 404;

(4) The trial court violated defendant's rights to have counsel of his choice and forced him to proceed to

2 - ORDER

        trial with unprepared counsel although defendant had retained counsel prior to the scheduled trial date;

(5) The trial court failed to properly recuse itself from defendant's criminal proceedings although it was unfairly biased against him;

(6) Defendant's purported waiver of appearance at the motion to sever proceedings of December 8, 1998 was neither knowing nor voluntary because counsel only informed defendant that the hearing was a status conference;

(7) Trial counsel failed to move to suppress defendant's statements on the basis that he invoked his right to counsel and so advised a jail officer of this fact;

(8) The prosecution violated defendant's rights by not providing adequate notice of an agreement not to prosecute Neil Kephart for sawing off the barrel of a gun;

(9) Trial counsel failed to move to suppress defendant's statements to Louise Nicholson on the grounds that they were seized absent a warrant for interception of communication; and

(10) Appellate counsel failed to provide professionally

3 - ORDER

competent assistance to defendant on appeal resulting in a violation of his Fifth Amendment right to effective assistance of appellate counsel.

Defendant filed a second amended petition for relief (#298). Defendant amended his claims to include only the following:

A.  Claims Advanced by Counsel:

    (1) Trial counsel failed to object to testimony and evidence that defendant financially victimized Marlene Lotspeich;

    (2) Trial Counsel failed to object to evidence suggesting that defendant was a pathological liar on the grounds that such evidence was inadmissable under Fed. R. Ev. 401, 403, and 404; and

    (3) Trial counsel failed to object to testimony that defendant physically and mentally tortured Marlene Lotspeich on grounds that said testimony was inadmissable under Fed. R. Ev. 401, 403, and 404.

B.  Claims deemed to lack merit by counsel, but advanced by defendant pro se:

    (1) Defendant's convictions and sentences were obtained in violation of his right to be free from double jeopardy;

4 - ORDER

(2) Defendant's stipulation to proof of a prior felony conviction was neither knowing nor voluntary;

(3) Defendant's conviction is void because the prosecution failed to prove the required mental state;

(4) The trial court violated defendant's right to have counsel of his choice;

(5) The trial court failed to properly recuse itself from defendant's criminal proceedings although it was unfairly biased against him;

(6) Defendant's purported waiver of appearance at the motion to sever proceedings was neither knowing nor voluntary;

(7) Trial counsel failed to move to suppress defendant's statements on the basis that he invoked his right to counsel and so advised a jail officer of this fact;

(8) The prosecution violated defendant's rights by not providing adequate notice of an agreement not to prosecute Neil Kephart for sawing off the barrel of a gun;

(9) Trial counsel failed to move to suppress defendant's statements to Louise Nicholson on the grounds that they were seized absent a warrant for

5 - ORDER

interception of communication;

(10) Trial counsel failed to move to dismiss the superseding indictment and information on grounds that defendant had pleaded guilty to the originally indicted offenses under Fed. R. Civ. P. 11C(4);[1]

(11) Trial counsel failed to withdraw from representation of defendant upon discovering a conflict of interest;

(12) Trial counsel failed to object to the requirement that defendant wear a stun belt during trial which, if activated, could have resulted in defendant's demise because of his medical condition, preventing him from aiding in his own defense;

(13) Defendant's fundamental right to a jury trial on the issue of drug quantity was violated;

(14) The sentencing enhancements imposed by the court pursuant to an information filed by the government violated defendant's right to have all matters resulting in the imposition of a sentence upon him determined by presentation to a grand jury; and

(15) Appellate counsel failed to provide professionally competent assistance to defendant on appeal.

---

[1] The court assumes defendant meant to cite Federal Rule of Criminal Procedure 11. Defendant's memo in support again refers to the civil rules in the heading, but refers to "FRCrP" in the body.

interception of communication;

(10) Trial counsel failed to move to dismiss the superseding indictment and information on grounds that defendant had pleaded guilty to the originally indicted offenses under Fed. R. Civ. P. 11C(4);[1]

(11) Trial counsel failed to withdraw from representation of defendant upon discovering a conflict of interest;

(12) Trial counsel failed to object to the requirement that defendant wear a stun belt during trial which, if activated, could have resulted in defendant's demise because of his medical condition, preventing him from aiding in his own defense;

(13) Defendant's fundamental right to a jury trial on the issue of drug quantity was violated;

(14) The sentencing enhancements imposed by the court pursuant to an information filed by the government violated defendant's right to have all matters resulting in the imposition of a sentence upon him determined by presentation to a grand jury; and

(15) Appellate counsel failed to provide professionally competent assistance to defendant on appeal.

---

[1] The court assumes defendant meant to cite Federal Rule of Criminal Procedure 11. Defendant's memo in support again refers to the civil rules in the heading, but refers to "FRCrP" in the body.

Case 6:98-cr-60019-MC  Document 318  Filed 03/13/06  Page 6 of 11

interception of communication;

(10) Trial counsel failed to move to dismiss the superseding indictment and information on grounds that defendant had pleaded guilty to the originally indicted offenses under Fed. R. Civ. P. 11C(4);[1]

(11) Trial counsel failed to withdraw from representation of defendant upon discovering a conflict of interest;

(12) Trial counsel failed to object to the requirement that defendant wear a stun belt during trial which, if activated, could have resulted in defendant's demise because of his medical condition, preventing him from aiding in his own defense;

(13) Defendant's fundamental right to a jury trial on the issue of drug quantity was violated;

(14) The sentencing enhancements imposed by the court pursuant to an information filed by the government violated defendant's right to have all matters resulting in the imposition of a sentence upon him determined by presentation to a grand jury; and

(15) Appellate counsel failed to provide professionally competent assistance to defendant on appeal.

---

[1] The court assumes defendant meant to cite Federal Rule of Criminal Procedure 11. Defendant's memo in support again refers to the civil rules in the heading, but refers to "FRCrP" in the body.

6 - ORDER

DISCUSSION

Claims Advanced by Counsel

Defendant asserts that his trial counsel was ineffective for failing to object to evidence that defendant was a pathological liar and conned Lotspeich throughout his relationship with her and evidence that defendant abused, tortured and terrorized Lotspeich. In addition, defendant contends that once the evidence was received, trial counsel failed to take any steps to mitigate the damage through limiting, curative or cautionary instruction.

To prevail on a claim of ineffective assistance of counsel, defendant must show both that his attorney's performance fell below an objective standard of reasonableness; and that the performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must

7 - ORDER

then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. Whether trial counsel is ineffective involves a mixed question of law and fact. See Crandell v. Bunnell, 144 F.3d 1213, 1216 (9th Cir. 1998); Moran v. Godinez, 57 F.3d 690, 699 (9th Cir. 1994).

Although defendant requested an evidentiary hearing early on in the briefing of the various section 2255 motions, the parties have conducted a deposition of trial counsel and the issues are ripe for resolution. Accordingly, defendant's request for an evidentiary hearing is denied.

The record demonstrates that following a pretrial evidentiary hearing in which Lotspeich testified on behalf of defendant and rulings by the court on several pretrial motions, trial counsel concluded that Lotspeich's testimony was inextricably intertwined with the prosecution's case and defendant's own alibi defense. The court agrees that the evidence would have been admitted even upon objection by counsel.

Evidence of prior bad acts is not admissible to prove defendant acted in conformity with the prior bad acts with respect to the crimes charged. Fed. R. Ev. 404(a). However, such evidence may be admissible to show motive, intent, opportunity, preparation, plan, knowledge, identity, or

absence of mistake or accident. Fed. R. Ev. 404(b).

Before the government may utilize 404(b) evidence, it must establish that (1) the prior act tends to prove a material issue in the action, (2) the prior act is not "too remote" from the charged offense, (3) the prior act is similar to the charged offense, and (4) the defendant committed the prior act. United States v. Montgomery, 150 F.3d 983, 1000 (9th Cir.), cert. denied, 119 S.Ct. 267 (1998). Despite these requirements, the rule is one of inclusion, and evidence of a prior act is admissible unless it tends to prove only criminal propensity. See United States v. Jackson, 84 F.3d 1154, 1159 (9th Cir. 1996) ("Rule 404(b) is a rule of inclusion. Unless the evidence of other crimes tends only to prove propensity, it is admissible."). Furthermore, limited evidence of prior bad acts may be admitted for the purpose of providing the context of the charged crime. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995). This exception is most often applied in felon-in-possession cases because of the difficulty that the prosecution would encounter in proving that the defendant possessed a gun and in rebutting a proffered defense without relating the facts surrounding the commission of the crime. Id. "The jury cannot be expected to make its decision in a void-without knowledge of the time, place, and circumstances of the acts which form the basis of

the charge." <u>United States v. Daly</u>, 974 F.2d 1215, 1216 (9th Cir. 1992).

The evidence would have been admissible to prove defendant's financial motives for manufacturing methamphetamine and robbing the bank. The evidence also would have been admissible for purposes of demonstrating defendant's identity as a methamphetamine manufacturer/distributor and bank robber while armed and as a felon in possession. Additionally, the evidence tended to prove defendant's knowledge by substantiating inculpatory statements to the police.

Moreover, trial counsel needed Lotpseich's testimony to advance defendant's alibi case with respect to the bank robbery charges. Counsel made the tactical decision to bolster her credibility through the use of the testimony defendant now claims counsel should have sought to preclude. Defendant's own incriminating statements and incredible stories, as well as eyewitness identification, gave counsel very little to work with in terms of a defense and her tactical decision certainly does not amount to ineffective assistance.

As noted in previous rulings, the evidence of guilt against defendant was overwhelming. Moreover, the jury was cautioned regarding Lotspeich's testimony and other acts

10 - ORDER

evidence during instruction. Accordingly, even if failure to object to the admission of Lotspeich's testimony were deemed ineffective assistance, there is no reasonable probability that the jury would have acquitted him on of the charges.

Pro Se Claims

Generally, defendant advances wholly unsupported factual claims or incorrect legal analysis in his pro se claims or simply reargues claims already rejected by this court or the Court of Appeals. These claims are insufficient to support habeas relief for the reasons stated in the government's briefing. See Answer to Defendant's section 2255 Pleadings (#287) and Government's reply to Defendant's Supplemental section 2255 Pleadings (#317 at pp. 10-21).

CONCLUSION

For the reasons stated above, defendant's motions to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (#s 251, 273 and 298) are denied and this proceeding is dismissed.

DATED this 13th day of March, 2006.

_____
Michael E. Hogan
United States District Judge

11 - ORDER