IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    Plaintiff/Respondent,

v.

**ROBIN LEE KNUTSON**,

    Defendant/Petitioner.

No. 6:98-cr-60019-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

    Petitioner Robin Lee Knutson is currently serving an aggregate 475-month sentence stemming from an armed bank robbery he committed in 1998. His sentence consists in part of mandatory 120- and 240-month consecutive sentences imposed under 18 U.S.C. § 924(c). Mr. Knutson now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argues that, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the federal armed bank robbery offense underlying his two § 924(c) convictions no longer qualifies as a "crime of violence" and therefore cannot form the basis for those mandatory consecutive sentences. He also argues that he is entitled to resentencing for the bank robbery offense based on the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017). Because federal armed bank robbery remains a crime of violence, and the Supreme Court has yet to make *Dean* retroactive to cases on collateral review, Mr. Knutson's motion is DENIED.

## BACKGROUND

    In 1999, a jury found Mr. Knutson guilty of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1), one count of using or carrying a firearm

during a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(B)(i) (Count 2), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3), one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 4), and one count of using or carrying a firearm in relation to a "drug trafficking crime," in violation of 18 U.S.C. § 924(c)(1)(B)(i) (Count 5). On March 14, 2000, Mr. Knutson was sentenced to three concurrent sentences of 115 months for Counts 1, 3, and 4, a mandatory consecutive sentence of 120 months for Count 2, and a mandatory consecutive sentence of 240 months for Count 5.[1]

## DISCUSSION

Mr. Knutson argues that he is entitled to resentencing on two different grounds. First, he argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated his two mandatory consecutive sentences under 18 U.S.C. § 924(c)(1)(B)(i) because one of his predicate convictions, federal armed bank robbery, no longer qualifies as a "crime of violence." Second, Mr. Knutson argues that the Supreme Court's later decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), entitles him to a new sentencing hearing in which the sentencing judge has discretion to consider the impact of his mandatory consecutive sentences on his aggregate sentence. I address each claim in turn.

I. Mr. Knutson's *Johnson* Claim.

Mr. Knutson first argues that his 120- and 240-month mandatory consecutive sentences under § 924(c)(1)(B)(i) are unconstitutional because, after the Supreme Court struck down as

---

[1] The 240-month mandatory consecutive sentence for Count 5 was imposed under 18 U.S.C. 924(c)(1)(C)(i) (1994) because it constituted a "second or successive" conviction for using or carrying a firearm during a crime of violence or drug trafficking crime under 18 U.S.C. § 924(c)(1). For offenses committed on or after November 23, 1998, the mandatory consecutive sentence for a second or successive conviction increased to 300 months. 18 U.S.C. § 924(c)(1)(C)(i) (2012). Mr. Knutson committed his underlying bank robbery offense on February 6, 1998, when the mandatory consecutive sentence was still 240 months.

Page 2 – OPINION AND ORDER

unconstitutionally vague the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), in *Johnson*, the predicate armed bank robbery offense underlying those two convictions is no longer a "crime of violence." The ACCA imposes a 15-year mandatory minimum sentence for the crime of felon in possession of a firearm if a defendant has three prior predicate convictions that meet the definition of "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). The final portion of the statue (i.e., "otherwise involves conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause" and was found unconstitutionally vague by the *Johnson* court. The Supreme Court later concluded *Johnson* was retroactive. *Welch v. United States*, 136 S. Ct. 1257 (2016).

There are two federal firearm statutes that impose mandatory minimum sentences. The ACCA, the subject of the *Johnson* decision, focuses on a defendant's prior criminal history; specifically, convictions involving drugs and crimes of violence. On the other hand, 18 U.S.C. § 924(c) attaches irrespective of criminal history when a firearm is used or possessed in the furtherance of another "drug trafficking crime" or "crime of violence." Mr. Knutson was sentenced under § 924(c), not the ACCA. However, he argues that, because the language in § 924(c) essentially mirrors that of the ACCA, the holding of *Johnson* renders his own sentence unconstitutional. Similar to the ACCA, § 924(c) contains certain sentence enhancements for any "crime of violence." Like the ACCA, 18 U.S.C. § 924(c)(3), which defines the term "crime of

Page 3 – OPINION AND ORDER

violence" as it is used throughout subsection (c), contains a "force clause" and a "residual clause." Under § 924(c)(3), a "crime of violence" includes any offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Mr. Knutson argues that under the reasoning of *Johnson*, the residual clause of § 924(c)(3)(B) is unconstitutional. With the residual clause inapplicable, he next argues that because his underlying offense of armed bank robbery does not have "as an element the use, attempted use, or threated use of physical force against the person or property of another," his two mandatory consecutive sentences under § 924(c) are unconstitutional.

The relevant federal bank robbery statute provides that, "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money . . . in the care, custody, control, management, or possession of, any bank . . ." shall be imprisoned up to twenty years. 18 U.S.C. § 2113(a). The statute provides a maximum 25 year sentence if, like Mr. Knutson, one robs a bank and "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device[.]" § 2113(d).

After Mr. Knutson filed his memorandum in support of his motion, but before the Government filed its response, the Ninth Circuit issued a published opinion holding the federal crime of carjacking is a "crime of violence" under the "force clause" of § 924(c). *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) (per curiam). The carjacking statute, like the bank robbery statute, requires that the taking be "by force and violence or by intimidation[.]" *Id.* (quoting 18 U.S.C. § 2119). Like Mr. Knutson, Mr. Gutierrez argued that because carjacking

can be committed by intimidation, it does not qualify as a crime of violence following *Johnson*. In rejecting Mr. Gutierrez's argument, the court agreed with other circuits and stated:

> We, too, have held that "intimidation" as used in the federal bank robbery statute requires that a person take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm," which necessarily entails the "threatened use of physical force." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (citation omitted). As a result, in our court, too, federal bank robbery constitutes a crime of violence. *Id.* We have not addressed in a published decision whether *Selfa's* holding remains sound after *Johnson*, but we think it does. A defendant cannot put a reasonable person in fear of bodily harm without threatening to use "force capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140; *see United States v. Castleman*, 134 S. Ct. 1405, 1417 (2014) (Scalia, J. concurring) (bodily injury necessarily involves the use of violent force). Bank robbery by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard.

*Id.* at 1257.

After Mr. Knutson filed his reply, the Ninth Circuit held that the federal armed bank robbery statute remains a "crime of violence" under § 924(c)'s "force clause." *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (per curiam). Mr. Watson argued that committing bank robbery via intimidation does not require the violent physical force "capable of causing physical pain or injury" required under *Johnson*. *Id.* at 784-85 (quoting *Johnson*, 559 U.S. at 140). The court noted that *Gutierrez* recently rejected "this exact argument." *Id.* at 785. The court next rejected Mr. Watson's argument that bank robbery is not a crime of violence because one could commit it via negligent intimidation. Pointing to *Carter v. United States*, 530 U.S. 255 (2000), the court concluded that "contrary to Watson and Danielson's contention, a defendant may not be convicted [of federal bank robbery] if he only negligently intimidated the victim." *Id.* (citing *Carter*, 530 U.S. at 269). "The offense must at least involve the knowing use of intimidation, which necessarily entails the knowing use, attempted use, or threatened use of violent physical force." *Watson*, 881 F.3d at 785.

In a supplemental memorandum, Mr. Knutson acknowledges that the Ninth Circuit's holding in *Watson* forecloses his argument that federal armed bank robbery is not a crime of violence, but nevertheless seeks a certificate of appealability, arguing that *Watson*'s holding that negligent intimidation will not support a bank robbery conviction is at odds with Supreme Court and Ninth Circuit precedent. Judge Simon recently noted "some tension" between *Watson* and *Carter* on the same issue Mr. Knutson raises here. *United States v. Dawson*, 300 F. Supp. 3d 1207, 1210-12 (D. Or. 2018). After holding that *Watson* controlled the outcome, Judge Simon added that, "[g]iven the tension between *Carter* and the case law described above, . . . it is appropriate to issue a certificate of appealability." *Id.* at 1212. I agree.[2]

II. Mr. Knutson's *Dean* Claim.

Mr. Knutson argues in the alternative that the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), which was decided after he filed the instant motion, entitles him to a new sentencing hearing in which the sentencing judge has discretion to consider the impact of his mandatory consecutive sentences when determining the appropriate sentences for his predicate armed bank robbery (Count 1) and drug trafficking (Count 4) offenses.

The Government contends that the authorization Mr. Knutson received from the Ninth Circuit to file a second or successive § 2255 motion does not encompass the *Dean* claim and that the Court therefore lacks jurisdiction to consider the claim.[3] To file a second or successive § 2255 motion in district court, a federal prisoner must receive authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h) (incorporating by reference the requirements 28 U.S.C. §

---

[2] Since Mr. Knutson's *Johnson* claim fails on the merits, I need not address the Government's argument that the claim is time barred under § 2255(f) and does not satisfy the requirements of § 2255(h)(2) for a second or successive petition because it does not rely on the same "new rule of constitutional law" announced in *Johnson*.

[3] Mr. Knutson correctly points out that the Government's argument mistakenly relies on the "certificate of appealability" rules in 28 U.S.C. § 2253(c)(2), which apply only to review by an appellate court of a "final order" by the district court in a § 2255 proceeding. Section 2244, as expressly incorporated by § 2255(h), governs pre-filing authorization for "second or successive" § 2255 applications.

2244). Here, because Mr. Knutson had already filed one § 2255 motion in 2002, he sought and received authorization to file the instant second application from the Ninth Circuit. *Knutson v. United States*, No. 16-72112 (9th Cir. Mar. 14, 2017). That authorization, however, was based only on his *Johnson* claim. It was not until more than a year later, after *Dean* was decided, that Mr. Knutson added his second claim for relief based on the holding in *Dean*.

Although allowing prisoners to add new claims to a previously authorized second or successive application would seem to undermine the gatekeeping function assigned to appellate courts, there is a colorable argument that such authorization does not prohibit prisoners from adding new claims. To obtain appellate authorization, for example, only requires a *prima facie* showing by the prisoner that at least *one of the claims* contained in her application satisfies the statutory requirements for a second or successive application—it is irrelevant whether the other claims meet the applicable standards. 28 U.S.C. § 2244(b)(3)(C); *Cooper v. Woodford*, 358 F.3d 1117, 1123 (9th Cir. 2004) (en banc) ("A prima facie showing on one claim in a second or successive application permits an applicant to proceed upon his entire application in the district court."). The task of later sorting through these claims and disposing of those which do not satisfy the statutory requirements for a second or successive application is specifically assigned to the district court. 28 U.S.C. § 2244(b)(4); *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164-65 (9th Cir. 2000). Since the appellate court is concerned only with identifying one viable claim, and adding other claims has no bearing on that determination, allowing post-authorization claims would seem to work little harm to the gatekeeping process.

Moreover, at least where the application pending before the district court is the prisoner's first, any later-in-time claims must be treated as motions to amend the existing petition and are governed by the liberal amendment policy of Fed. R. Civ. P. 15(a). *Woods v. Cary*, 525 F.3d

886, 888-890 (9th Cir. 2008); *see also Ching v. United States*, 298 F.3d 174, 176-177 (2d Cir. 2002) ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."). The Ninth Circuit has yet to address whether this principle holds true where the pending petition is an already-authorized second or successive application and the new claim is unrelated to the original claim. There is reason to believe that, based on the policies underlying AEDPA's treatment of second and successive petitions, the result could be different. This is a close question and, since Mr. Knutson's *Dean* claim fails on other grounds, I assume without deciding that the Ninth Circuit authorization does not prevent Mr. Knutson from amending his initial application to include the *Dean* claim.

Still, even with that assumption, Mr. Knutson's *Dean* claim fails to satisfy the statutory requirements for consideration as part of a second or successive application. To avoid AEDPA's bar on second or successive applications, Mr. Knutson's claim must rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under *Teague v. Lane*, 489 U.S. 288 (1989), if a claim relies on a "new rule" of constitutional law, that rule must be "substantive" in nature for it to apply retroactively to cases on collateral review (i.e., § 2255 proceedings). In addition, AEDPA, separate from *Teague*, requires that the Supreme Court—not a district or appellate court—be the first to hold that the applicable "new rule" is substantive and therefore retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(h)(2); *Tyler v. Cain*, 533 U.S. 656, 662 (2001) ("[Section 2255(h)(2)] is satisfied only if this Court has held that the new rule is retroactively applicable to cases on collateral review."). This requires at least two Supreme Court cases—one announcing the new rule and another declaring it retroactive to cases

on collateral review. 533 U.S. at 666. The Supreme Court has yet to hold or otherwise indicate through a series of decisions that the rule announced in *Dean*—if, in fact, substantive—is retroactively applicable. As such, even were I to find that the new rule from *Dean* is substantive, as Mr. Knutson urges, AEDPA would prevent me from reaching the merits of his claim because § 2255(h)(2) mandates that the Supreme Court be the first one to make that holding.[4]

Mr. Knutson attempts to circumvent the requirements of § 2255(h)(2) by characterizing his *Dean* claim as exempt from AEDPA on equitable grounds.[5] He argues that, although he previously filed a § 2255 motion in 2002 and received authorization to file his *Johnson* claim as a second application in 2016, the *Dean* claim should be characterized as a "second-in-time" application, rather than a "second or successive" application within the meaning of § 2255(h). He cites to *United States v. Lopez*, 577 F.3d 1053 (9th Cir. 2009), for the proposition that not every second-in-time petition is a second or successive petition subject to the restrictions of § 2255(h). In *Lopez*, the Ninth Circuit left open the possibility that second-in-time claims for *Brady* violations may fall outside of AEDPA's bar on second or successive applications because applying § 2255(h) would foreclose review of "some meritorious claims" and reward "prosecutorial misconduct." 557 F.3d at 1064-65. The court did not, however, decide the issue and strongly hinted that AEDPA would likely still apply even to meritorious *Brady* claims because § 2255(h)(1) expressly governs claims raising "newly discovered evidence" and not every second-in-time *Brady* claim is barred by § 2255(h)(1). *Id.* at 1065.

The same reasoning applies here, where § 2255(h)(2) makes clear that Congress intended claims relying on new substantive rules of constitutional law to face additional procedural

---

[4] Further, as Judge Brown recently observed, "courts that have addressed this issue have concluded that *Dean* is not retroactively applicable to cases on collateral review." *United States v. McGowan*, No. 3:10–cr–00487–BR, 2018 WL 1938432, at *3 (D. Or. Apr. 24, 2018) (collecting cases from the District of Oregon and across the country).
[5] This argument would also moot the issue of whether Mr. Knutson's *Dean* claim is covered by the original Ninth Circuit authorization.

Page 9 – OPINION AND ORDER

hurdles and left open a well-defined avenue for certain claims to be considered on the merits. *Cf. also Panetti v. Quarterman*, 551 U.S. 930, 945-46 (2007) (suggesting that courts may not disregard AEDPA's second or successive restrictions where Congress clearly intended to foreclose review). The equitable considerations which gave the *Lopez* court pause are also not present since the fundamental fairness of the prosecution is not in dispute. Indeed, the exception sought by Mr. Knutson, which would allow second-in-time petitions to circumvent AEDPA when based on a holding announced after a prisoner had been convicted and exhausted her appeals, would swallow the rule enacted by Congress. Nevertheless, given the unsettled nature of which second-in-time claims are exempt from AEDPA's gatekeeping requirements, the Court grants Mr. Knutson's request for a certificate of appealability as to that issue specifically.

## CONCLUSION

For the forgoing reasons, Mr. Knutson's motion under 28 U.S.C. § 2255 is DENIED. Mr. Knutson is granted a certificate of appealability as to his claim that federal armed bank robbery is not a crime of violence under 18 U.S.C. § 924(c) and as to the issue of whether his *Dean* claim is a second or successive application within the meaning of § 2255(h).

IT IS SO ORDERED.

DATED this 18th day of July, 2018.

/s/ Michael McShane
Michael J. McShane
United States District Judge