IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **ROBIN LEE KNUTSON**, Defendant. | No. 6:98-cr-60019-MC<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

Defendant Robin Lee Knutson moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mots. Reduce Sent., ECF Nos. 366, 369, 377; Def.'s Suppl. Mot. Reduce Sent., ECF No. 383. Because the 18 U.S.C. § 3553(a) sentencing factors weigh against releasing Mr. Knutson, his motion for compassionate release is DENIED.

## LEGAL STANDARD

Congress amended 18 U.S.C. § 3582(c)(1)(A) through the First Step Act, allowing a defendant to file a motion for compassionate release directly with the district court after exhausting all administrative remedies. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018). The Court may grant a defendant's compassionate release if—after considering the sentencing factors set forth in 18 U.S.C. § 3553(a)— the Court finds that "extraordinary and compelling reasons" warrant a sentence reduction, and such a reduction is "consistent with applicable policy

1 – OPINION AND ORDER

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

"Congress directed the Sentencing Commission to promulgate general policy statements" that guide determinations of extraordinary and compelling reasons warranting a sentence reduction. *Id.* at 1095. However, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Chen*, 48 F.4th at 1095.

Though not binding, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 802. Extraordinary and compelling reasons may exist where a defendant is suffering from a terminal illness or a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1. The Court may also consider whether the defendant remains a danger to the community. *Id.* § 1B1.13(2).

## **DISCUSSION**

On March 14, 2000, District Judge Hogan sentenced Mr. Knutson to 475 months of incarceration for armed bank robbery, being an ex-felon in possession of a firearm, the manufacture and possession of methamphetamine with intent to distribute, and two violations of 18 U.S.C. § 924(c)—the use of a firearm during a crime of violence and the use of a firearm

during a drug trafficking crime. J., ECF No. 186. Mr. Knutson is currently housed at FCI Coleman II, where he has served 299 months and has a projected release date of January 7, 2032. Def.'s Suppl. Mot. 1–3. Upon release from federal prison, Mr. Knutson will serve a twenty-year sentence with the Oregon Department of Corrections ("DOC") for attempted aggravated murder and supplying contraband; his projected released date from the DOC is March 4, 2053. Def.'s Suppl. Mot. 2, Exs. C–D, ECF No. 387. Mr. Knutson asks the Court to reduce his federal sentence to time served. Def.'s Suppl. Mot. 2.

The Government concedes that Mr. Knutson's medical conditions "may be considered extraordinary and compelling circumstances" supporting Mr. Knutson's release. Govt.'s Resp. 5, ECF No. 389. Those conditions include epilepsy, hypertension, asthma, spinal stenosis, diabetes, heart disease, COPD, and liver disease. Def.'s Suppl. Mot. 6; Ex. F, at 1. The record indicates that Mr. Knutson has received inadequate medical care in some instances. *See* Def.'s Suppl. Mot. 7–10; Ex. F, at 2–7. As further support of extraordinary and compelling reasons, Mr. Knutson also points out that if sentenced today, he would receive ten fewer years due to changes in sentencing law.[1] Def.'s Suppl. Mot. 12. But "[e]ven when a defendant can satisfy the threshold requirement of demonstrating extraordinary and compelling reasons, a sentence reduction [is] still not [] guaranteed until the district court also considers . . . the § 3553(a) factors." *Chen*, 48 F.4th at 1100.

Under section 3553(a), a district court is charged with imposing a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the

---

[1] The difference is due to sentencing reform under the First Step Act, and the elimination of "stacking" multiple section 924(c) offenses arising from a single indictment to trigger a twenty or twenty five-year penalty for each additional violation. *See Chen*, 48 F.4th at 1093–94 (discussing First Step Act and elimination of "stacking"); 18 U.S.C. § 924(c)(1)(C). "[A] district court may consider the First Step Act's non-retroactive changes to sentencing law, in combination with other factors particular to the individual defendant, when determining whether extraordinary and compelling reasons exist for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *Chen*, 48 F.4th at 1093.

law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a); *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021). A court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a). When weighing section 3553(a) factors, a district court must consider "the totality of the circumstances" and "should use the fullest information possible concerning the defendant's life and characteristics," including post-offense rehabilitation, as well as information concerning subsequent developments in the law. *Lizarraras-Chacon*, 14 F.4th at 966–67.

Here, the Court recognizes that non-retroactive changes in sentencing law would reduce Mr. Knutson's original 475-month sentence by ten years, equaling 355 months. Mr. Knutson urges the Court to effectuate that reduction, plus an additional 56-month reduction, for a total 176-month reduction. After considering the relevant section 3553(a) factors, and based on the totality of the circumstances in this case, the Court finds a reduction of Mr. Knutson's sentence unwarranted. Namely, the nature and circumstances of the offense and the history and characteristics of Mr. Knutson dissuade the Court from granting release.

Prior to the instant offenses, Mr. Knutson had several run-ins with the law while living in Arizona. Between 1988 and 1993, he was convicted of multiple felonies, including possession of narcotics, assault, and resisting arrest, as well as theft by misrepresentation and trafficking stolen property. Def.'s Suppl. Mot. Ex. A, at 6, 18–22. On more than one occasion he escaped custody and absconded from parole, eventually leaving Arizona and travelling through several states using different aliases. *Id.* at 13, 19–23. While on abscond status, Mr. Knutson committed armed

bank robbery in Oregon, successfully stealing over $10,000 that was never recovered. *Id.* at 6, 8, 13–14, 23. About a month later, Mr. Knutson fled the scene after being pulled over for a routine traffic violation, leading officers on a high-speed chase. *Id.* at 8–10. Mr. Knutson then took off on foot and led officers to his residence, where officers spent the next eight hours negotiating with Mr. Knutson to exit peacefully. *Id.* at 10. After Mr. Knutson's eventual detainment, officers found a loaded sawed-off shotgun and methamphetamine in Mr. Knutson's vehicle, as well as a short-barreled rifle and methamphetamine inside his residence. *Id.* at 10–11. While in jail for his federal charges, Mr. Knutson made a "zip type gun" using a 9mm bullet, then attempted to shoot the gun during an altercation with jail officials. *Id.* at 23. Mr. Knutson's conduct in jail led to his 20-year state sentence for two counts of attempted aggravated murder, to be served after his federal sentence. *Id.*; Ex. C. Also at the time of his federal convictions, Mr. Knutson had charges pending in Josephine County for unlawful possession of methamphetamine, unlawful possession of a derringer, resisting arrest, theft of a derringer, theft of a black powder revolver, and felon in possession of two firearms. Def.'s Suppl. Mot. Ex. A, at 23.

Though Mr. Knutson's criminal conduct occurred more than twenty years ago, he has not shown any changes that would lead the Court to believe his erratic behavior has been rehabilitated. After decades of incarceration, Mr. Knutson still refuses to accept responsibility for his crimes, despite admitting guilt to officers during their investigation. *See* Def.'s Mot. 1, 3, ECF No. 366; Def. Suppl. Mot. Ex. A, at 12–13, 15. In his current motions for compassionate release, Mr. Knutson maintains that his convictions were the result of prosecutorial and judicial misconduct amounting to a government conspiracy. *See* Def.'s Mot. 1, 5–7, ECF No. 366. While incarcerated, Mr. Knutson has twice faked an overdose on his medication, confirmed by blood test. Def. Suppl. Mot. Ex. A, at 24; Ex. G, at 5. Officials believed the first feigned overdose was

part of an escape effort, *id.* Ex. A, at 24, which corresponds with Mr. Knutson's history of escaping custody and absconding from parole. As recently as 2020, Mr. Knutson missed a medical appointment because he was "acting up" in custody and officials were unable to securely transport him. *Id.* Ex. G, at 105. Mr. Knutson submitted no evidence of programming, rehabilitation efforts, or support from family or within the community. Based on the nature and circumstances of the offenses, as well as Mr. Knutson's history and characteristics, the Court finds Mr. Knutson's 475-month sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

      The Court is further unpersuaded that releasing Mr. Knutson to state prison to begin his twenty-year sentence would effectuate the purpose of compassionate release. Mr. Knutson claims that public safety is not a consideration because, rather than being released, he will serve a lengthy state sentence. But the Government notes that Mr. Knutson may seek early release from state custody on similar grounds. As outlined above, the seriousness of Mr. Knutson's offenses combined with his characteristics, criminal history, and lack of rehabilitation convince the Court that Mr. Knutson would do poorly on supervision and pose a risk to public safety in the event of his eventual release.

      Mr. Knutson further claims, with no evidence in support, that he will receive better medical care in state prison than federal prison. As the Government points out, the Oregon Department of Corrections is currently involved in a class-action lawsuit based on its alleged mishandling of the COVID-19 pandemic. Govt. Resp. 12. Though Mr. Knutson alleges inexcusable medical neglect, his extensive medical records show that he is receiving treatment at his current facility. Granting release in this case is nothing more than a transfer of Mr. Knutson's

medical needs from the federal prison system to the state prison system with no real justification. Based on the totality of the circumstances, the Court finds the section 3553(a) factors weigh against releasing Mr. Knutson.

## **CONCLUSION**

For these reasons, Mr. Knutson's Motions to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 366, 369, 377, 383) are DENIED.

IT IS SO ORDERED.

DATED this 12th day of January 2023.

                                            ___s/Michael J. McShane_____
                                            Michael J. McShane
                                            United States District Judge