IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v.

ROBIN LEE KNUTSON,

Defendant.

Case No. 6:98-cr-60019-MC

OPINION AND ORDER

---

MCSHANE, Judge:

Defendant Robin Lee Knutson moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot., ECF. No. 412; Def.'s Suppl. Mot., ECF No. 430. Because the Court finds that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Mr. Knutson, his motion for compassionate release is DENIED.

## BACKGROUND

On February 8, 1999, Mr. Knutson was sentenced to 475 months of incarceration for armed bank robbery, use of a firearm during a crime of violence, use of a firearm during a drug trafficking crime, possession of a firearm as a felon, and manufacture and possession of methamphetamine with intent to distribute. ECF No. 186.

Mr. Knutson has served 339 months of his 475-month sentence. Def.'s Suppl. Mot. 8. After serving his federal sentence, Mr. Knutson will serve a 20-year sentence with the Oregon Department of Corrections ("ODOC") for a state conviction of attempted aggravated murder and

supplying contraband. *Id.* at 13.

On January 12, 2023, this Court denied an earlier motion by Mr. Knutson seeking compassionate release because the § 3553(a) sentencing factors weighed against his release at that time. ECF No. 391. On July 7, 2025, Mr. Knutson filed his present Motion, arguing that the § 3553(a) factors now weigh in his favor based on new circumstances. Def.'s Suppl. Mot. 2.

## LEGAL STANDARD

Sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—otherwise known as compassionate release—is a "limited, discretionary exception to the default rule that a federal defendant will serve his entire sentence." *United States v. Bryant*, 144 F.4th 1119, 1127 (9th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 529 (Apr. 27, 2026); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) ("[T]he court's disposition of a compassionate release motion 'is discretionary, not mandatory.'" (quoting *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020))). A criminal sentence, once imposed, "may be altered 'only in very limited circumstances.'" *Id.* at 1123 (quoting *Pepper v. United States*, 562 U.S. 476, 501–02 n.14 (2011)). To petition a district court for compassionate release, a defendant must first exhaust all administrative remedies through the Bureau of Prisons ("BOP") or wait thirty days from when the facility's warden received their request for release. 18 U.S.C. § 3582(c)(1)(A).

The district court may grant a motion for compassionate release if it finds that (1) "extraordinary and compelling reasons" justify the sentence reduction; (2) a reduction would be consistent with applicable U.S. Sentencing Commission policy statements; and (3) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction. *Wright*, 46 F.4th at 945 (quoting § 3582(c)(1)(A)). The defendant has the burden of establishing each requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). If the

defendant fails to satisfy any of the requirements, the court may deny the defendant's request without assessing the remaining requirements. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curium).

## DISCUSSION

### I. Administrative Exhaustion

Mr. Knutson's motion is properly before the Court. The Government does not dispute that Mr. Knutson requested relief from his facility's warden more than thirty days before filing the Motion. Gov't Resp. 5, ECF No. 432; ECF No. 430-1. Moreover, the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional and can be waived by the Court here where the Government does not invoke it. *See Keller*, 2 F.4th at 1282.

### II. Extraordinary and Compelling Reasons

Mr. Knutson argues that his serious health issues and age are extraordinary and compelling reasons that warrant a sentence reduction and his release from federal custody. Def.'s Suppl. Mot. 1. Mr. Knutson has an extensive medical history, including diagnoses of diabetes, spinal stenosis, asthma, hypertension, liver disease, and epilepsy. Def.'s Reply 3, ECF No. 433. Within the past year, Mr. Knutson has undergone several diagnostic tests for potentially cancerous lesions on his liver and tongue. Def's Suppl. Mot. 4. The Government concedes that Mr. Knutson's medical conditions "may be considered extraordinary and compelling circumstances" (Gov't Resp. 5) and the Court agrees that Mr. Knutson has satisfied this requirement for sentence reduction.[1]

[1] U.S. Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides criteria for what constitutes an "extraordinary and compelling reason." This Court applies the version of § 1B1.13 amended on November 1, 2023. *See* U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment[.]") (emphasis added); *see also* U.S. Sentencing Commission, Amendments to the Sentencing Guidelines, at 7 (effective Nov. 1, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text amendments/202305_Amendments.pdf (explaining that "the amendment extends the applicability of the policy statement to defendant-filed motions").

## III. **Sentencing Factors**

Despite his health concerns, the serious nature of Mr. Knutson's crimes combined with his behavior in prison prevent the Court from granting his request for a sentence reduction. Under § 3553(a), courts evaluate the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." *Id.* When analyzing these factors, a court must consider "the totality of the circumstances;" however, the court "need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (quoting *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013)). This weighing is subject to the Court's discretion. *See United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021).

The nature and circumstances of Mr. Knutson's crimes are serious. Between 1988 and 1993, Mr. Knutson was convicted of multiple felonies in Arizona, including possession of narcotics, assault, theft by misrepresentation, trafficking stolen property, and resisting arrest. Present. Investigation Rep. ¶¶ 75–79. While absconding from parole, Mr. Knutson committed armed bank robbery in Oregon, stealing over $10,000 that was never recovered. *Id.* ¶¶ 11–14. One month later, police officers attempted to pull Mr. Knutson over for a traffic violation, resulting in a high-speed chase. *Id.* ¶¶ 15–18. After crashing his vehicle, Mr. Knutson pointed a gun at the

---

In the amended policy statement, the Sentencing Commission expands the list of circumstances under which extraordinary and compelling reasons may exist. These enumerated reasons include considerations of the defendant's medical circumstances, family circumstances, and any other circumstances of equal gravity.

pursuing officer then fled on foot, eventually barricading himself in his trailer. *Id.* ¶¶ 19, 23. It took officers eight hours to get Mr. Knutson to surrender. *Id.* ¶ 24. Officers later found guns and methamphetamine in Mr. Knutson's home and vehicle. *Id.* ¶¶ 22, 27–31. At the time, Mr. Knutson also had drug and firearm possession charges pending in Josephine County, Oregon. *Id.* ¶ 84.

Mr. Knutson's continuous denial of responsibility for his crimes also does little to persuade the Court he has been rehabilitated and weighs strongly against granting his requested sentence reduction. Mr. Knutson maintains that his convictions were the result of police misconduct, fabricated evidence, and government conspiracy. Def.'s Mot. 3. Under the circumstances, reducing Mr. Knutson's sentence would undermine the seriousness of the offense, respect for the law, and any afforded deterrence.

Mr. Knutson emphasizes that granting him relief "will not result in his release to the community but instead entails a transfer to serve a consecutive 20-year state sentence" in ODOC custody. But his behavior in federal prison does not warrant a reduction in his sentence. While in custody on the present charges, Mr. Knutson attempted to use a homemade gun on a prison official, resulting in the outstanding 20-year sentence in state court for two counts of attempted aggravated murder. Present. Investigation Rep. ¶ 85. Mr. Knutson has verbally threatened prison staff on several occasions and has twice faked a medical overdose, which officials believed to be part of an escape effort. *Id.* ¶¶ 86–87. Prison officials also intercepted a letter mailed by Mr. Knutson to Emerald City Auto Sales in Eugene, Oregon, attempting to extort the owner. *Id.* ¶ 86. The record strongly reflects that continued custody alone has not proven to be a barrier to Mr. Knutson's dangerous conduct. Accordingly, the Court cannot conclude that reducing Mr. Knutson's sentence, even though it would result in his transfer to ODOC custody, would serve the aims of sentencing to protect the public or promote his rehabilitation. Mr. Knutson's advanced age and medical

conditions do not outweigh his record of danger to the communities in which he resides.

Finally, Mr. Knutson presents no evidence that he will receive better medical care in the state prison to which he would be transferred than in the federal prison where he is currently housed. Mr. Knutson's medical records demonstrate that he is actively undergoing several different treatments for his illnesses under the care of a Florida cancer specialist. Def.'s Suppl. Mot. Ex. B. at 52, ECF No. 437. As the Court acknowledged in 2023, granting release would merely transfer Mr. Knutson's medical needs from the federal prison system to state prison system without any substantial justification. ECF No. 391.

Based on the totality of the circumstances, the Court finds that the § 3553(a) factors weigh against releasing Mr. Knutson.

## CONCLUSION

For the reasons stated above, Mr. Knutson's Motion for Compassionate Release, ECF No. 412, 430, is DENIED. The parties' Unopposed Motion for Oral Argument, ECF No. 434, is DENIED as moot.

IT IS SO ORDERED.

DATED this 18th day of September, 2026.

s/Michael J. McShane
Michael J. McShane
United States District Judge